# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CELETA P.,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy<br>Commissioner for Operations,<br>performing the duties and functions<br>not reserved to the Commissioner<br>of Social Security,<br><br>Defendant. | No. 18 C 4813<br><br>Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Celeta P. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on September 26, 2014, alleging a disability onset date of September 1, 2013. (R. 74.) Her application was denied initially and on reconsideration. (R. 81, 91.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on May 2, 2017. (R. 36-73.) In a decision dated July 27, 2017, the ALJ denied plaintiff's claim. (R. 20-31.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date. (R. 22.) At step two, the ALJ determined that plaintiff has the severe impairments of "diabetes mellitus with diabetic peripheral neuropathy; overactive bladder; hypertension; dyslipidemia; and smoker." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 23.) At step

four, the ALJ found that plaintiff has no past relevant work but has the residual functional capacity ("RFC") to perform light work with certain exceptions. (R. 23, 30.) At step five, the ALJ found that jobs exist in significant numbers that plaintiff can perform, and thus she is not disabled. (R. 30-31.)

Plaintiff contends that the RFC determination is faulty. In relevant part, the RFC provides that plaintiff can "perform light work . . . except that she [can] stand/walk 6 hours in an 8-hour workday but only one hour at a time" and can "sit for 6 hours in an 8-hour workday, but only one hour at a time." (R. 23.) Plaintiff contends that there is no evidentiary basis for these limitations. The Court agrees.

The ALJ acknowledged that evidence "submitted at the hearing level" showed "some positive clinical signs consistent with peripheral neuropathy,"[1] and asserted that the RFC limitations on sitting, standing, and walking addressed that condition. (R. 28.) However, the only doctors who endorsed those limitations were the state agency consultants, whose opinions were rendered before the hearing and were, for that reason, rejected by the ALJ. (*Id.* (giving "little weight" to one consultant's opinion and "partial weight" to another consultant's opinion because additional medical evidence presented at the hearing supported further reducing plaintiff's RFC).) The ALJ's medical expert, Dr. Stein, testified that plaintiff could stand continuously for four hours of an eight-hour workday.[2] (R. 57.) Though the ALJ noted that Dr. Stein had "unique insight" into plaintiff's condition, he nonetheless rejected without explanation Dr. Stein's standing/walking limitation. (R. 23, 28-29.) Having disregarded all of the medical opinions the ALJ was required to identify other evidence that supports the limitations in the RFC. SSR 96-8p, 1996 WL 374184,

---

[1] In other words, the ALJ said that newer evidence suggested that plaintiff's condition had worsened since the agency consultants rendered their opinions.
[2] The ALJ erroneously states that Dr. Stein limited plaintiff to standing/walking two to three hours of an eight-hour workday. (R. 28.)

3

at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)"). His failure to do so warrants a remand. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("Contrary to SSR 96-8p, however, the ALJ did not explain how he arrived at the[] conclusions [about the claimant's RFC]; this omission in itself is sufficient to warrant reversal of the ALJ's decision.").

The SSA defends the adequacy of the RFC assessment by reciting unenlightening truisms such as "[t]he responsibility for assessing [plaintiff's] RFC was the ALJ's alone." (Def.'s Br. at 4.) While true, that assignment of responsibility does not necessarily make the ALJ's decision correct. The issue here is that we are at a loss as to how the ALJ reached his conclusion as to the RFC, and the SSA's defense of the ALJ's decision is equally amorphous on this crucial point.

## Conclusion

For the reasons set forth above, the Court reverses the SSA's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**               **ENTERED:   June 18, 2019**


_____
**M. David Weisman**
**United States Magistrate Judge**